## WM. PRESTON v. SALLY H. WOOLLY.

**Wills—Devise of Land Held Adversely to Devisor.**

Under the law of this state lands in adverse possession may be disposed of by will. By the common law a mere right of entry could not be devised, but by our statute any right or interest in real estate, that the testator may be entitled to, at the time of his death, which would otherwise descend to his heirs, may be disposed of by will.

APPEAL FROM LOUISVILLE CHANCERY.

December 7, 1871.

OPINION BY JUDGE LINDSAY:

We are of the opinion that such interest as was owned in the Big Field or Wells' land by the testator, Robert Wickliffe, deceased, passed under his will to the appellee, Mrs. Sally Howard Woolly. After devising to his two daughters, Mrs. Mary Preston and Mrs. Margaret W. Preston, certain named land in the county of Bath, he continues: "All the rest and residue of my lands in said county of Bath I give and bequeath to my daughter, Sally Woolly. She is to take Fears farm, consisting of about four hundred or five hundred acres, at twelve thousand dollars ($12,000), and the balance of the lands I hold in the counties of Bath and Morgan I will to my daughter Sally at seventy-five cents per acre." It is difficult to conceive what language could have been used which would more clearly have evinced the intention of the testator that Mrs. Woolly should take under his will all the real estate owned by him in these two counties except such as was in terms set apart to the two Mrs. Prestons. The fact that in the latter part of the devise, in fixing the amount with which Mrs. Woolly was to be charged in the settlement of his estate, the testator used the term "hold," does not confine its operation to such lands as were then in his actual possession. In the second codicil to his will any ambiguity upon this point is fully explained. It is therein directed that there shall be no valuation of the lands devised to his three daughters, and in confirmation of the original devise of the Bath and Morgan lands to Mrs. Woolly, this language is used: "Sixth. I do hereby devise to my daughter, Sally Howard Woolly, my farm known as the Maria Forge farm, containing

about four hundred acres, and my other Bath and Morgan out lands, excepting the lands devised to my daughter Mary, for the more particular description of which *I refer to my former codicil."* The fact that a portion of the lands given to appellee were, in the language of the testator, "out land," rebuts the presumption that he intended her to take only such lands as he actually held and occupied; all conclude that he intended her to take all lands in those counties to which he held title except such as were given to Mrs. Mary and Mrs. Margaret Preston.

Nor are we prepared to decide that the devise to Mrs. Woolly is not specific enough to embrace the Big Field farm because it was, at time of the publication of the two codicils to the testator's will, in the adverse possession of Wells. The testator was all the while prosecuting a suit for its recovery, and if that land failed to pass because not specifically named, the same reason would prevent the appellee from taking the outlands, because they are not described and designated in any manner whatever.

Under the laws of this state lands in adverse possession may be disposed of by will. It is insisted, however, that such lands will not pass unless it is manifest from the will that such was the intention of the testator.

By the common law a mere "right of entry" could not be devised, but by our statute any right or interest in real estate that the testator may be entitled to at the time of his death which would otherwise descend to his heirs, may be disposed of by will.

Sec. 2, Chap. 106, R. Statutes. Whether or not the right to the possession of lands adversely held and claimed is an interest in, or right to real estate so peculiar in its character, that a different and more rigid rule of construction should be adhered to in ascertaining the intention of the testator with relation thereto, than his intention as to other interests in realty, we do not deem it essential to determine.

That the testator intended that his three daughters should take under his will all his real estate in the counties of Bath and Morgan cannot be doubted, "All the rest and residue of my land in the said county of Bath," and "the balance of the lands I hold in the counties of Bath and Morgan," and "my other Bath and Morgan county out-lands, * * * for more partic-

ular description of which I refer to my former codicil," are terms of description comprehensive enough to embrace every character of lands, or interests therein, which the testator owned in those counties. In the case of *Allan and Wife v. Van Meters' Devisees,* 1st Metcalfe 264: The provision that "the whole balance of my estate is to be sold by my executors and divided among all my sons after my debts are paid and the legacy to my wife," was held to pass over six hundred acres of valuable land besides numerous slaves, none of which had ever been in the actual possession of the testator, but was held and claimed by others. More than this, it may fairly be infered from the opinion of the court that the testator did not at any time know that he owned this estate. It is true that this clause was residuary, but the effect of it was to exclude the testator's daughters from all participation in the proceeds of this valuable estate. Adhering to the principles upon which this decision was based, we conclude that Mrs. Woolly took under her father's will such interest as he owned in the land in question, and therefore that the executors cannot claim the proceeds arising from the sale to Wells under the residuary clause of said will. Netiher can they claim such proceeds under the clause authorizing them to compromise suits touching the testator's estate. It is not to be presumed the testator intended this power to be exercised as to deprive his devisees of property specifically devised to them. The chancellor of the Louisville Chancery Court had jurisdiction of this cause. It is not an action to compel the appellant to pay over and account to appellee for the proceeds of the sale of her land, which money he holds, not as executor of Robt. Wickliffe, deceased, but as an individual. Appellant is not sued as executor, nor does the fact that the construction of Wickliff's will was necessary to determine the rights of the parties does not change the character of the litigation and make it a suit for the construction of said will, and a partial settlement and distribution of the testator's estate. The petition contains much redundant matter, which doubtless would have bee stricken out upon motion, but as it set out a cause of action the demurrer was properly overruled. The money sued for is in the hands of appellant. It was, therefore, no error to render judgment against him, without waiting to get the other defendants before the court.

33

Mrs. Woolly is entitled to interest on her money from the time the appellant refused to pay it over to her.

From that time forward, he had notice of her claim and held it to her prejudice and without right.

*Johnson & Brown, for appellant.*

*Muir & Bijur, for appellee.*